INTERNATIONAL ORDER OF TWELVE KNIGHTS AND DAUGHTERS OF TABOR v. REYNOLDS. (No. 1781.)

(Court of Civil Appeals of Texas. Texarkana. April 17, 1917. Rehearing Denied April 26, 1917.)

1. INSURANCE ⬡⟳771 — FRATERNAL BENEFIT INSURANCE—BENEFICIARY.
   If the beneficiary in a fraternal benefit certificate was eligible as being within one of the statutory classes of beneficiaries at the time he was designated as such, he may not be deprived of the rights acquired by him under the certificate, where there was no by-law requiring the beneficiary to belong to one of the specified classes at the death of the member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937.] .

2. APPEAL AND ERROR ⬡⟳1011(1)—REVIEW—FINDINGS.
   A finding of the court upon conflicting evidence must be taken as a fact on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3988.]

---

⬡⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. INSURANCE ☞770 — FRATERNAL INSURANCE—BENEFICIARY—ELIGIBILITY.

Acts 31st Leg. (1st Ex. Sess.) c. 36, § 6, provides that within the statutory restrictions each member of a fraternal order shall have the right to designate his beneficiary and to have it changed in accordance with the laws, etc., of the association. In July, 1912, the insured in a fraternal benefit certificate made a change of beneficiary with the consent of the local branch of the association, but the new certificate was not issued until November 14, 1914. No rule or regulation of the order specifies the act which shall effectuate the change of a beneficiary. *Held* that, as the statute only requires consent of the association to a change of beneficiaries, the assured in July, 1912, having done all things required of her to effectuate a change, that date will control in determining the eligibility of the new beneficiary, and not the date of the issuance of the new certificate, which was only a ministerial act.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1933, 1937.]

4. INSURANCE ☞770—FRATERNAL INSURANCE —BENEFICIARY—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4832, providing that death benefits shall be confined to certain blood relatives or dependents, does not apply where a substituted beneficiary was eligible at the time of his appointment by the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1933, 1937.]

Appeal from Harrison County Court; Geo. L. Huffman, Judge.

Action by Richard Reynolds against the International Order of Twelve Knights and Daughters of Tabor and others, joined as defendants as adverse claimants, in which other parties filed a plea of intervention claiming the proceeds of the certificate. Judgment for plaintiff, and the named defendant appeals. Affirmed.

Appellee, as beneficiary, sues appellant, a fraternal benefit association, upon a life insurance certificate for $300 issued by it to Nancy Lark, a member of said association. The petition joins two brothers of Nancy Lark, deceased, as defendants as adverse claimants of the proceeds of the certificate. Certain other brothers and sisters and nieces and nephews of Nancy Lark, deceased, filed a plea of intervention in the suit, claiming the proceeds of the certificate. The remaining four brothers and sisters of Nancy Lark, deceased, were impleaded as defendants. The defendant association answered, admitting that Nancy Lark was a member of the association, holding at her death a valid benefit certificate, and averred its willingness to pay the same to the persons legally entitled thereto. The case was tried before the court, and judgment was entered for the appellee. The defendant association only appealed, seeking to revise the judgment of the court.

It appears that some time prior to January 1, 1912, a benefit certificate in the amount of $300 was issued by the appellant association to Nancy Lark, payable at her death to Bell Reynolds. Nancy Lark be-

came feeble in health and financially unable to pay the assessments on her certificate. Prior to Nancy Lark's sickness Bell Reynolds had been rendering her financial aid. Some time before July, 1912, Bell Reynolds, being afflicted with consumption, notified Nancy Lark that he could no longer render her assistance or pay her insurance premiums. Bell Reynolds died. Before the death of Bell Reynolds, and about July, 1912, Nancy Lark agreed with appellee, Richard Reynolds, as set out in the court's finding of fact. The findings of the court are as follows:

"(2) That the insured had become dependent upon the said Richard Reynolds, and that her earning capacity had become so small that she was no longer able to keep up her dues or to pay the premiums on the said certificate; that Bell Reynolds, who was named beneficiary in the original certificate, and who had been assisting insured, became afflicted during the summer of 1912, and told the deceased that he was no longer able to pay her insurance; the insured and Richard Reynolds agreed that if he would keep up her premiums she would make him the beneficiary in the said certificate of insurance.

"(3) That the said Richard Reynolds agreed to keep up the said premiums, in accordance with the agreement with the insured, Nancy Lark, and it was agreed between them that the beneficiary named in the certificate should be changed and Richard Reynolds named as beneficiary, the said Nancy Lark to have the advantage of the funeral benefit provided for in the policy, and the said Richard Reynolds to have the $300, the same being the amount of the policy, and that the local temple, Christian Herald Temple, No. 283, at Marshall, Tex., agreed to the change in beneficiaries; that the said Richard Reynolds did furnish the funds to keep all premiums paid up on said certificate; and that said Nancy Lark was in good standing at the time of her death.

"(4) That there was no evidence introduced to show, or tending to show, that the defendant or any of its officers (other than the officers of the local lodge) knew anything of the arrangement between Richard Reynolds and Nancy Lark by which he was to pay or furnish the funds with which to pay the dues and assessments of the said Nancy Lark, nor was there any testimony showing, or tending to show, that the officers of the lodge or order knew that the said Richard Reynolds was not related to Nancy Lark.

"(5) That the plaintiff was in no way related to Nancy Lark, and was not in any way dependent upon her, and never had at any time been so; that the following persons were next of kin, being brothers and sisters, and children of brothers and sisters, of the said Nancy Lark: Si Mahaffey, Joe Mahaffey, George Mahaffey, Robert Mahaffey, Clay Mahaffey, Callie Powell and husband, Melton Powell, Tom Mahaffey, Lillie Scott, Buddie Scott, Little Scott, Sarah Ann Phillips, George Scott, Mitchell Scott, Manson Scott, and Caroline Whittier; that Manson Scott, a half-brother, and Caroline Whittier, a half-sister, knew of the agreement between Richard Reynolds and Nancy Lark, and have filed in the court a written transfer of any interest they might have in the said certificate.

"(6) That on the 14th day of November, 1914, a new certificate was issued, naming the said Richard Reynolds as beneficiary, and that he furnished the deceased money with which to pay all dues and assessments on said policy up to the

date of her death from and after the summer of 1912."

The certificate on its face does not stipulate any particular mode or way of changing a beneficiary, and there are no by-laws or constitution of the order in evidence.

S. P. Jones and T. P. Harte, both of Marshall, for appellant. Beard & Davidson, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The appellant by proper assignments of error makes the point that the appellee may not be allowed to recover the proceeds of the benefit certificate, because, according to the evidence, he does not come within the statutory classes of beneficiaries. It does not appear in the record that the laws of the association require the beneficiary to belong to one of specified classes at the death of the member. If, therefore, the plaintiff was eligible as a beneficiary, as being within one of the statutory classes of beneficiaries, at the time he was designated as such, he may not be deprived of the rights acquired by him under the certificate. According to the court's finding of fact:

"The insured had become dependent upon the said Richard Reynolds, and her earning capacity had become so small that she was no longer able to keep up her dues or to pay the premiums on the said certificate."

[2] And this finding of the court that "the insured had become dependent upon the said Richard Reynolds" must be by this court taken as a fact; for the evidence in this respect is conflicting. The witness Joe Mahaffey, a brother of the deceased, testified:

That Nancy Lark "had lived with Bell Reynolds and Richard Reynolds for a number of years, and was in feeble health. About a month or so before her death she spent several weeks at his brother Clay's. That her [insured's] father and mother were dead."

And the plaintiff testified that, besides paying the premium on the certificate, he did "other things in a financial way for her [insured's] support and maintenance." So this fact, if found by the court, that the insured was dependent for support and maintenance on the aid of plaintiff, would show that the appellee was in a class enabling the insured to name him as a beneficiary under Acts 1909, p. 357. Section 6 of the said act especially provides:

"Provided, that if after the issuance of the original certificate the member shall become dependent upon the charity of an individual or of an institution, he shall have the privilege, with the consent of the association, to make such individual or institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the association, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member. Provided, that any association may, by its laws, limit the scope of beneficiaries within the above classes."

It appears as a fact that after the issuance of the original certificate, and in July, 1912, the insured agreed with appellee to change the beneficiary and name him as her beneficiary. It further appears:

"That the local temple, Christian Herald Temple, No. 283, at Marshall, Tex., agreed to the change in beneficiaries."

[3] It does not appear from any finding of the court, and there is no insistence made, that the local temple was without authority to act for the association in assenting to the change of beneficiaries. Thus it appears that in July, 1912, the insured made a change in the beneficiary with the consent of the local temple of appellant association. The act of 1909 makes consent of the association necessary only in order to effectuate a change of beneficiaries. And there is no evidence of any regulation of the association which undertakes to fix, and the certificate in evidence does not fix, the time when a change in the beneficiary shall become effective, or specify the act which shall effectuate the change. In these circumstances a valid change of the beneficiary was, it is believed, effectuated in July, 1912, and that date of eligibility as a beneficiary would control. The date of the issuance of the new certificate on November 14, 1914, would not control over the date of July, 1912, at which time the appellee was designated as substituted beneficiary by the insured, with the consent of the association acting through its local temple. The insured in July, 1912, had done all the things required of her in order to effectuate a change of beneficiary, and the only thing lacking to complete such change was the performance of the ministerial act on the part of the association of making a proper record of the change, which it did here by issuing a new certificate in lieu of the original.

[4] As there had been effectuated a change of beneficiaries in 1912, and at that time the appellee was eligible under the facts as a beneficiary, the Acts of 1913 (article 4832, Vernon's Sayles' Statutes) would not be applicable.

There being a valid change of beneficiary, the association will be protected in making the payment to appellee, and the judgment is affirmed.